UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS E. JOHNSON,

    Petitioner,

v.                                Case No.:  2:24-cv-518-SPC-KCD

STATE OF FLORIDA,

    Respondent.
_____/

## OPINION AND ORDER

Before the Court is Petitioner Thomas E. Johnson's "Motion Habeas Corpus" (Doc. 1). Johnson is a pretrial detainee being held in the Hendry County Jail on state charges in the 20th Judicial Circuit Court in and for Hendry County, Florida, Case Nos. 23-286MM and 23-686MM. The state court docket reflects Johnson's criminal cases remain pending. Johnson's motion does not state any grounds for relief, but he presumably seeks release from custody.

As a preliminary matter, the motion is not cognizable under § 2254 because, as a pretrial detainee, Johnson is not "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003). Consequently, because Johnson is a pretrial detainee, the Court construes the motion as being brought under § 2241.

*Medberry*, 351 F.3d at 1060 (discussing the differences between § 2254 and § 2241 and applying § 2241 to pretrial detainees); *see also Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004). Nonetheless, Johnson is not entitled to relief under § 2241 because he does not allege or demonstrate that he has exhausted his claims in state court. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). Notably, federal habeas relief is not intended as a "pre-trial motion forum for state prisoners." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973).

Further, principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) (stating "absent extraordinary circumstances" federal court should not enjoin state criminal proceedings). Johnson provides no reasons for this Court to overlook the abstention principle. Nor does he allege any facts that warrant application any exception to the *Younger* doctrine. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004).[1]

## Certificate of Appealability

---

[1] Noting the Supreme Court in *Younger* set three exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Ibid.*

2

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because Johnson is not entitled to habeas corpus relief, the Court must now consider whether he is entitled to a certificate of appealability. It finds that he is not.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Johnson must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El*, 537 U.S. at 335-36. Johnson has not made the requisite showing.

Accordingly, it is now

**ORDERED:**

1. Thomas E. Johnson's motion (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate all pending motions and deadlines, enter judgment, and close this file.

3. Johnson is not entitled to a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida on June 5, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:    FTMP-1
Copies:   All Parties of Record